NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DUANE CAMERON,

             Plaintiff-Appellant,

  v.

SUN LIFE ASSURANCE COMPANY OF
CANADA,

             Defendant-Appellee.

No. 22-56148

D.C. No. 2:21-cv-02092-JLS-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted December 7, 2023[**]
Pasadena, California

Before: WARDLAW, LEE, and BUMATAY, Circuit Judges.
Concurrence by Judge BUMATAY.

Duane Cameron challenges the district court's partial denial of his long-term

disability benefits under a group term insurance policy issued by Sun Life Assurance

Company of Canada. We have jurisdiction under 28 U.S.C. § 1291, and we review

_____

      \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

the district court's findings of fact for clear error. *Withrow v. Halsey*, 655 F.3d 1032, 1035 (9th Cir. 2011). Because the district court clearly erred in finding that Cameron was no longer disabled as of January 29, 2020, and failed to address Cameron's spinal injuries claim, we reverse and remand.

Cameron was the Administrative Director of Diagnostic Services at USC Verdugo Hills Hospital. He had a long history of cardiac problems, including a percutaneous coronary intervention in September 2013. In August 2019, Cameron was hospitalized for three days for coronary artery disease, hypertension, and degenerative spinal arthritis. After discharge, Cameron's primary care physician, Dr. Michael Klein, noted that Cameron was under a great deal of occupational stress and ordered him off work to avoid further deterioration of his health. At follow-up visits in August and October 2019, Cameron repeatedly asked Dr. Klein whether it would be possible to eventually return to work. Each time, Dr. Klein responded that doing so would create substantial health risks. Finally, after two work deferrals at Dr. Klein's direction, Cameron informed Dr. Klein that he would permanently retire during a follow-up visit on January 29, 2020.

Cameron applied for disability benefits in November 2019, stating that chest pain and high blood pressure had prevented him from working since his August hospitalization. Sun Life approved his claim for short-term disability benefits, but denied his long-term disability benefits claim. After exhausting his administrative

appeals, Cameron filed suit in federal district court.

The district court entered judgment in Cameron's favor, but only in part. The district court concluded that Cameron was "totally disabled" within the terms of the policy "from the date of the expiration of his short-term disability benefits period until January 29, 2020" due to a combination of his cardiac problems and occupational stress. But the district court also concluded that Cameron's disability—and thus his entitlement to long-term disability benefits—ended on January 29, 2020, as Dr. Klein's doctor's notes from that day showed "no evidence that any attempt was made" to "assess whether [Cameron] continued to be unable to work to the point of being 'totally disabled.'"

On appeal, Cameron makes two challenges: first, to the district court's determination that his cardiac-related disability ended on January 29, 2020; and second, to the district court's failure to address his spinal injuries claim.

1. Clear-error review is deferential but not absolute. The district court determined that Cameron's disability ended on January 29, 2020. That finding was clear error.

The district court was entitled to find (as it did) that Cameron was disabled between August 22, 2019 and January 29, 2020. During that period, Dr. Klein, the physician most familiar with Cameron and his health history, consistently assessed Cameron as disabled. But having made that determination, we would expect the

record to subsequently "show an improvement" in Cameron's health around January 29, 2020 for the district court to then find that his disability ended. *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 871–72 (9th Cir. 2008). And the record is bereft of any indication that Cameron's physical condition meaningfully changed around that time. Not even the opinions of Sun Life's medical experts indicate a marked change in Cameron's cardiac health around January 2020.

The district court hinged its determination on Dr. Klein's January 29, 2020 doctor's note, but that reliance is misplaced. It is true that, at that visit, Dr. Klein did not assess Cameron as disabled. But he had no need to do so—Dr. Klein had pushed Cameron to retire for months. Once Cameron reluctantly decided to retire, Dr. Klein had no reason to reiterate that Cameron's cardiac condition made returning to work dangerous to his health.

Tellingly, the district court concedes that there was "no doubt" that Cameron was *again* disabled around March 10, 2020, when Cameron was hospitalized for cardiac-related symptoms and eventually underwent an angioplasty procedure. These facts are remarkably similar to those of *Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727 (9th Cir. 2006).[1] And here, like in *Silver*, we

---

[1] We reject the district court and Sun Life's assertions that this case is distinguishable from *Silver* because here no "contemporaneous assessment" showed that Cameron was still disabled in February 2020. That there is no evidence in the record of Cameron's condition during this short, five-week period does not mean that his condition had *improved*—as his March 2020 hospitalization demonstrates.

4

find it "incredible" that Cameron—a man in serious condition, with a history of cardiac problems—could have meaningfully recovered from his disability solely during the five-week intervening period between January 29, 2020 and March 10, 2020. *Id.* at 735. That Cameron returned to the emergency room for another cardiac procedure—so soon after the district court deemed him not-disabled—leaves us with the "definite and firm conviction" that it was a mistake for the district court to determine that Cameron's disability ended on January 29, 2020. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (internal citations omitted). We thus reverse.[2]

2. The district court also failed to address Cameron's spinal injuries claim. While the district court noted that Cameron was diagnosed with "degenerative arthritis of the spine," and had certain "lumbar disc problems," among other findings of fact, it never opined on whether Cameron's spinal injuries rendered him "totally disabled" under the terms of the policy.

Sun Life asserts that the district court did consider Cameron's spinal injuries, as it stated that it "carefully assess[ed]" and "weigh[ed] all the evidence." That is

---

[2] Cameron also argues that the district court improperly denied benefits based on a rationale that Sun Life did not rely on during its own administrative proceedings. *See Collier v. Lincoln Life Assurance Co. of Bos.*, 53 F.4th 1180 (9th Cir. 2022). Because Cameron improperly raised this argument for the first time in a Federal Rule of Appellate Procedure 28(j) letter filed shortly before submission, we do not consider it. *Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013).

5

insufficient. And even if the district court had decided the issue, a conclusory statement that it had considered all the evidence is not "explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision." *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1444 (9th Cir. 1985) (internal citations omitted). On remand, the district court should evaluate Cameron's spinal injuries claim and consider whether it entitles him to any benefits under the group term insurance policy.

      **REVERSED** and **REMANDED**.

FILED

DEC 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Daune Cameron v. Sun Life Assurance of Canada*, No. 22-56148
BUMATAY, J., concurring:

I concur in the judgment of the court. It is dispositive to me that Dr. Michael Klein, to whose testimony the district court gave the greatest weight, assessed that Duane Cameron was disabled on October 30, 2019. That Dr. Klein ultimately gave Cameron another 90 days to reassess his employment options does not change that finding. I would not reach any other issue.